UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WORTHY,

        Plaintiff,        Civil Action No.: 18-cv-12451
                                 Honorable Laurie J. Michelson
v.                            Magistrate Judge Elizabeth A. Stafford

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al,

        Defendants.
_____/

## REPORT AND RECOMMENDATION TO
## DISMISS DEFENDANT " COLEMAN"

David Worthy, proceeding *pro se*, brought this action under 42 U.S.C. § 1983, alleging defendants violated his rights under the Eighth Amendment by providing inadequate medical treatment while he was incarcerated. [ECF No. 1; ECF No. 13]. The Honorable Laurie J. Michelson referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b). [ECF No. 12].

The summons issued for defendant Coleman, identified in the complaint only as "Mr. Coleman," was returned unexecuted because, without a first name, MDOC could not identify the proper employee to be served. [ECF No. 19]. In June 2019, and again in March 2020, the Court ordered Worthy to properly identify and confirm the address for Coleman.

[ECF No. 22; ECF No. 56]. He was warned that failure to do so could result in the unidentified defendant being dismissed from this suit for failure to timely serve under Fed. R. Civ. P. 4(m) and/or for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). See *Shepherd v. Voitus*, 2015 WL 4599609, at *1 (N.D. Ohio July 29, 2015). Worthy has neither provided the required information nor otherwise responded to the orders.

The Court therefore **RECOMMENDS** that "Coleman" be **DISMISSED** from this action.

Dated: June 15, 2020  
Detroit, Michigan

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 15, 2020.

>                               s/Marlena Williams
>                               MARLENA WILLIAMS
>                               Case Manager