UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WORTHY,

        Plaintiff,        Civil Action No.: 18-cv-12451
                                  Honorable Laurie J. Michelson
v.                             Magistrate Judge Elizabeth A. Stafford

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR ENTRY OF DEFAULT JUDGMENT [ECF NO. 66]
<u>AND TO DISMISS DEFENDANT MARY HOWARD</u>**

David Worthy, proceeding *pro se*, brought this action under 42 U.S.C. § 1983, alleging defendants violated his rights under the Eighth Amendment by providing inadequate medical treatment while he was incarcerated.[1] [ECF No. 1; ECF No. 13]. Worthy filed his original complaint in August 2018 and filed an amended complaint on March 7, 2019. [*Id.*]. Defendant Mary Howard was not served with the amended complaint until August 13, 2019. [ECF No. 57]. Howard failed to plead or otherwise

---

[1] The Honorable Laurie J. Michelson referred this matter to the undersigned for all pre-trial proceedings under 28 U.S.C. § 636(b)(1). [ECF No. 12].

defend against the action, and the Clerk entered default against Howard on March 17, 2020. [ECF No. 61]. But the Clerk denied Worthy's request for entry of default judgment under Federal Rule of Civil Procedure 55(b)(1) because his claim against Howard was not for a sum certain. [ECF No. 60]. This motion for a default judgment against Howard followed.[2] [ECF No. 66].

When a defendant is in default, a plaintiff's well-pleaded factual allegations relating to liability are generally accepted as true. *Deutsche Bank Nat'l Trust Co. v. Steele*, 2008 WL 111227, at *2 (S.D. Ohio Jan. 8, 2008) (citing *Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 110 (6th Cir.1995)). But a default judgment is not proper if the plaintiff has failed to state a claim against the defendant. *See Harrison v. Bailey*, 1997 WL 49955, 107 F.3d 870 (6th Cir. 1997) (unpublished) (citing *Quirindongo Pacheo v. Rolon Morales,* 953 F.2d 15, 16 (1st Cir. 1992)). In fact, for plaintiffs proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B), a court must dismiss *sua sponte* those portions of a complaint that fail to state a claim upon which relief may be granted. *Staten v. D.R. Horton, Inc.*, 2020 WL 1333414, at *2 (E.D. Mich. March 23, 2020).

---

[2] The Court construes Worthy's handwritten submission asking the Court to enter a motion of default as a motion for entry of default judgment. [ECF No. 66].

2

In the amended complaint, Worthy alleges that Howard was the acting nurse "at the time of service." [ECF No. 13, PageID.28]. His motion for default judgment identifies Howard simply as an employee of "Corizon Medical Services." [ECF No. 66]. To state a claim for deliberate indifference to a serious medical need under the Eighth Amendment, a plaintiff must allege personal involvement by a defendant in the alleged denial or administering of medical treatment. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); see also *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). For a claim to be viable, the plaintiff must plead sufficient factual content to permit the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

Here, the Court could not discern from the amended complaint[3] what involvement Howard had in Worthy's treatment, so it ordered Worthy to supplement his motion with facts alleging Howard's involvement or participation in the treatment of his injury, and to cite to supporting exhibits. [ECF No. 68]. Worthy's response to the Court's order merely reiterated that Howard was employed by Corizon and that she had not responded "in a timely matter (sic)." [ECF No. 70].

---

[3] The Court also reviewed Worthy's prison medical records attached as an exhibit to the brief in support of Defendants Corizon and Perez's motion for summary judgment and found no mention of Mary Howard. [ECF No. 41].

3

Because Worthy has failed to make factual allegations that Howard directly participated or was otherwise personally involved in Worthy's treatment, the Court **RECOMMENDS** that the motion for entry of default judgment [ECF No. 66] be **DENIED** and that Howard be **DISMISSED *SUA SPONTE***.

Defendants Corizon Medical Group and Juan Perez, M.D., were granted summary judgment on Worthy's claims against them. [ECF No. 55]. In addition, this Court recommended in June 2020 that defendant "Coleman" be dismissed because Worthy failed to sufficiently identify him or serve him with the complaint. [ECF No. 69]. If this report and recommendation and the one filed in June 2020 are both adopted, no defendants will remain, so Worthy's complaint should be dismissed in full.

Dated: September 4, 2020  
Detroit, Michigan

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal

4

is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 4, 2020.

> s/Marlena Williams
> MARLENA WILLIAMS
> Case Manager