UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WORTHY,

      Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

      Defendants.

Case No. 18-12451
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

___

**ORDER ADOPTING REPORT AND RECOMMENDATIONS [69, 71], DENYING
MOTION FOR DEFAULT JUDGMENT [66], AND DISMISSING COMPLAINT**

___

State prisoner David Worthy brought this suit alleging a violation of his constitutional right to adequate medical care. The Court granted Defendants Corizon Medical Group and Dr. Perez summary judgment and dismissed them from the suit in February 2020. (*See* ECF No. 55.) Two defendants remained: Michigan Department of Corrections employee Mary J. Howard and another MDOC employee identified only as "Mr. Coleman." Magistrate Judge Elizabeth A. Stafford, who is handling pretrial matters in the case, then ordered Worthy to show cause why this Court should not dismiss the remaining defendants for failure to prosecute or failure to serve. (*See* ECF No. 56.) In response, Worthy requested a clerk's entry of default against Defendant Howard (ECF Nos. 58, 59) and then moved for a default judgment against her (ECF No. 66). Magistrate Judge Stafford has issued two reports that are now before this Court. In the first, Magistrate Judge Stafford recommends dismissing Defendant Coleman because Worthy failed to timely serve Coleman, or failed to prosecute his case against Coleman. (ECF No. 69.) And in the second, she recommends denying Worthy's motion for a default judgment and instead dismissing Howard for failure to state a claim. (ECF No. 71.) Worthy objects to both recommendations. (ECF Nos. 70, 72.)

## I.

The Court performs a de novo review of those portions of the Magistrate Judge's Report and Recommendation to which Worthy has objected. *See* 28 U.S.C. § 636(b); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The Court need not and does not perform a de novo review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

## II.

## A.

Worthy has not provided the information necessary to serve the complaint on Coleman, merely identifying this defendant as "Mr. Coleman." And in her Report recommending dismissal of Coleman, Magistrate Judge Stafford notes that Worthy was twice ordered to properly identify and confirm the address for Coleman after the summons was returned unexecuted. (ECF No. 69, PageID.364.) And Magistrate Judge Stafford warned that failure to do so could result in Coleman being dismissed. (*Id.*) Worthy has still failed to provide the required information.

In his one-page objection to the recommendation to dismiss Coleman, Worthy asserts that he could not further identify Coleman because the nursing staff refused to give him Coleman's first name. (ECF No. 70, PageID.366.) Worthy suggests that MDOC should be able to identify Coleman because he "is the only man that clearifies [sic] MRIs to be considered." (*Id.*) But it does not appear that Worthy ever sought to obtain this information from MDOC after initiating this litigation.

And so the fact remains that Worthy has failed to respond to multiple court orders to properly identify Coleman. At this point, dismissal of Coleman for failure to timely serve, as

required by Federal Rule of Civil Procedure 4(m), is proper. So the Court overrules Worthy's objection and adopts the Magistrate Judge's recommendation to dismiss Coleman.

**B.**

As for Magistrate Judge Stafford's Report recommending dismissal of Howard, Worthy fails to make any specific objections.

In her Report, Magistrate Judge Stafford recommends denying Worthy's motion for a default judgment against Howard because "a default judgment is not proper if the plaintiff has failed to state a claim against the defendant." (ECF No. 71, PageID.369 (internal citations omitted)). Magistrate Judge Stafford concludes that Worthy has failed to allege sufficient facts to permit the court to draw the reasonable inference that Howard was directly involved in or participated in the treatment of Worthy's injury. (*Id.* at PageID.370.)

At the conclusion of her Report, Magistrate Judge Stafford gave Worthy explicit instructions for filing objections. She noted that "If a party fails to timely file specific objections, any further appeal is waived. . . . And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived." (ECF No. 69, PageID.364; ECF No. 71, PageID.371–372.) The objection that Worthy filed does not meet these requirements.

In his one-page objection, Worthy states only the following: "The Webster dictionary simply states, 'medical neglect is known as a delayed diagnosis.' [Howard] was employed by 'Corizon Medical.'" (ECF No. 72, PageID.373.) This statement in no way addresses the analysis in Magistrate Judge Stafford's Report and offers no developed argument regarding how Howard was involved in his treatment.

3

The Court agrees with Magistrate Judge Stafford that Worthy has failed to state a claim against Howard and finds it is appropriate to dismiss sua sponte Worthy's complaint against Howard. *See* 28 U.S.C. § 1915(e)(2)(B).

## III.

For the reasons stated above, the Court ADOPTS the recommendations of Magistrate Judge Stafford (ECF Nos. 69, 71) and OVERRULES Worthy's objections (ECF Nos. 70, 72). The Court DENIES Worthy's motion for default judgment (ECF No. 66) and DISMISSES Defendants Coleman and Howard. Because Coleman and Howard are the final remaining defendants, the case is DISMISSED IN FULL.

SO ORDERED.

Dated: October 20, 2020

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE